UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ACCELERANT SPECIALTY
INSURANCE COMPANY
and TEXAS INSURANCE COMPANY,

       Plaintiffs/
       Counterclaim-Defendants,

v.                    Case No. 8:24-cv-2643-VMC-AEP

BUZBEE ROBERTSON, LLC,

       Defendant/
       Counterclaim-Plaintiff.
_____/

## ORDER

This matter is before the Court on consideration of Counterclaim-Defendants Accelerant Specialty Insurance Company and Texas Insurance Company's Motion to Dismiss the Counterclaim (Doc. # 32), filed on February 3, 2025. Counterclaim-Plaintiff Buzbee Robertson, LLC responded on February 25, 2025. (Doc. # 38). The Motion is granted in part and denied in part.

## I.   Background

This case arises out of the sinking of Buzbee's 54' Azimut yacht, the Patriot, in July 2024 when Hurricane Beryl passed through Galveston, Texas. Accelerant and Texas Insurance issued the relevant insurance policy to Buzbee.

1

After Buzbee sought coverage for the loss, Accelerant and Texas Insurance initiated this action pursuant to the Court's admiralty jurisdiction by filing the complaint in November 2024. They assert claims for breach of the policy's fire warranty, breach of the named windstorm plan warranty, and uberrimae fidei (the duty of utmost good faith). (Doc. # 1). The essence of the complaint is that the policy is void because Buzbee allegedly breached its fire and windstorm plan warranties and made misrepresentations in its renewal questionnaire.

In response, Buzbee filed its answer and counterclaim on January 13, 2025. (Doc. # 18). The counterclaim asserts the following causes of action under New York law: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) deceptive business practices under New York's General Business Law § 349; (4) fraud; and (5) unjust enrichment. (Id.). The essence of these claims is that Accelerant and Texas Insurance "are fraudulent[ly] and systematically stealing premiums with no intention of paying those claims by pointing to immaterial, alleged defects that have nothing to do with the loss or were never material to the policy renewal." (Id. at 2).

Now, Accelerant and Texas Insurance move to dismiss all but the breach of contract claim from the counterclaim. (Doc. # 32). Buzbee has responded (Doc. # 38), and the Motion is ripe for review.

## II.  __Legal Standard__

On a motion to dismiss pursuant to Rule 12(b)(6), this Court accepts as true all the allegations in the counterclaim and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, the Court favors the counterclaim-plaintiff with all reasonable inferences from the allegations in the counterclaim. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a [counterclaim] attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a [counterclaim-plaintiff's] obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The Court must limit its

consideration to well-pleaded factual allegations, documents central to or referenced in the counterclaim, and matters judicially noticed. <u>La Grasta v. First Union Sec., Inc.</u>, 358 F.3d 840, 845 (11th Cir. 2004).

Rule 9(b) of the Federal Rules of Civil Procedure imposes more stringent pleading requirements on fraud claims. <u>Clausen v. Lab. Corp. of Am., Inc.</u>, 290 F.3d 1301, 1305 (11th Cir. 2002). The counterclaim must allege "facts as to time, place, and substance of the [counterclaim-defendant's] alleged fraud, specifically the details of the [counterclaim-defendant's] allegedly fraudulent acts, when they occurred, and who engaged in them." <u>Hopper v. Solvay Pharm., Inc.</u>, 588 F.3d 1318, 1324 (11th Cir. 2009).

## III. **Analysis**

Accelerant and Texas Insurance seek to dismiss the breach of the covenant of good faith and fair dealing, deceptive business practices, fraud, and unjust enrichment claims. Additionally, they move to strike the counterclaim's jury trial demand. The Court will address each in turn.

### A. **Breach of the Covenant of Good Faith and Fair Dealing**

The counterclaim alleges that the policy "contains an implied covenant of good faith and fair dealing." (Doc. # 18 at 18). "Insurers have engaged in continued and unjustified

4

delay in the course of responding to the Claim and have continued to put forth baseless and spurious explanations for their refusal to cover damages covered under the Policy, even after [Buzbee] provided the information Insurers claimed they needed to address their concerns and issue final decisions." (Id.).

Accelerant and Texas Insurance move to dismiss the breach of the implied covenant of good faith and fair dealing. They highlight that the policy is controlled by New York law "whenever no well-established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice exist." (Doc. # 32 at 3). They insist "New York courts generally view a claim for breach of the implied covenant of good faith and fair dealing as merely a breach of contract claim." (Id. at 4); see Sikarevich Fam. L.P. v. Nationwide Mut. Ins. Co., 30 F. Supp. 3d 166, 170 (E.D.N.Y. 2014) ("Under New York law, parties to an express contract are bound by an implied duty of good faith, but breach of that duty is merely a breach of the underlying contract." (citation omitted)). According to Accelerant and Texas Insurance, "when under New York law a party brings both a breach of contract claim and a separate claim for breach of the implied covenant of good faith and fair dealing, the

5

breach of implied covenant claim is usually dismissed as duplicative of the breach of contract claim." (Id.).

The Court agrees. Under New York law, "when a complaint alleges both a breach of contract and a breach of the implied covenant of good faith and fair dealing based on the same facts, the latter claim should be dismissed as redundant." Cruz v. FXDirectDealer, LLC, 720 F.3d 115, 125 (2d Cir. 2013). Here, Buzbee's breach of the implied covenant claim and breach of contract claim are based on the same facts, despite Buzbee's argument to the contrary. In both the implied covenant claim and breach of contract claim, Buzbee complains about the insurer's "delay" and "failing to investigate the claim in the manner and in the time set forth in the Policy, and failing to make a claim decision." (Doc. # 18 at 17-18). Both counts fault the insurers for their "wrongfully denying and/or underpaying the claim" based on "baseless and spurious explanations for their refusal to cover damages covered under the Policy." (Id.). That is, Buzbee is complaining about the same conduct in both counts, although the wording slightly differs between the counts.

Accordingly, the Motion is granted. The breach of the implied covenant of good faith and fair dealing claim is

dismissed as duplicative. The Court will, however, give Buzbee one opportunity to amend this claim.

## B. **Deceptive Business Practices — N.Y. General Law § 349**

Next, Accelerant and Texas Insurance seek to dismiss the deceptive business practices claim brought under New York General Business Law § 349. (Doc. # 32 at 6-10). Under that law, "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful." N.Y. Gen. Bus. Law § 349(a).

As relevant here, the counterclaim alleges: "Insurers at all times have acted in bad faith and through a pattern of deceptive conduct in connection with their attempts to manage their exposure, without regard for the insureds. This conduct has injured [Buzbee] and placed Insurers' interests ahead of [Buzbee], their insured." (Doc. # 18 at 19). "The deceptive acts and practices by Insurers include, without limitation, (i) relying on false pretenses to justify Insurers' inordinate delays in providing coverage on baseless warranties disproven by [Buzbee]; (ii) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim; (iii) making coverage impossible by utilizing conflicting warranties; (iv) misrepresenting the

7

terms and/or benefits of the Policy; (v) misrepresenting to Insurers a material fact or policy provision relating to the coverage at issue; (vi) failing to promptly provide to Insurers a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for Insurers' delay of the Claim decision; (vii) failing to pay the Claim without conducting a reasonable investigation; and (viii) making untrue statements of material fact." (Id. at 19-20).

Accelerant and Texas Insurance insist that this claim fails for two separate reasons, but the Court only need address the first. They contend that "the conduct complained of [in this claim] was fully disclosed" in the policy, which adopts the doctrine of uberrimae fidei, includes a fire suppression warranty and a named windstorm plan warranty, and explains that any breach of these warranties will void the policy from inception. (Doc. # 32 at 7). According to the insurers, "[w]hen the conduct underlying a N.Y. Gen. Bus. Law § 349(a) claim is provided for in a contract between the parties, New York courts have held such conduct not to be deceptive." (Id. at 6-7).

The Court agrees with this argument. Where "the conduct complained of is specifically provided for by the parties' agreement and thus was fully disclosed," like it was here,

8

"such conduct is not a deceptive practice within the meaning of section 349(a)." Citipostal, Inc. v. Unistar Leasing, 724 N.Y.S.2d 555, 559 (4th Dep't 2001). The policy here did disclose the two warranties and the duty of utmost good faith such that Accelerant and Texas Insurance's application of these conditions does not constitute a deceptive practice. See Lewis v. Hertz Corp., 581 N.Y.S.2d 305, 307 (1st Dep't 1992) ("Nor do any of the challenged business practices violate the prohibition against deceptive business practices under General Business Law § 349, since the record shows that these practices are fully disclosed prior to acceptance of the automobile by the renter."). The deceptive business practices claim is dismissed for this reason. The Motion is granted on this claim.

However, the Court does not believe that amendment would be futile. Thus, the Court will allow Buzbee to amend this claim.

## C. **Fraud**

Accelerant and Texas Insurance also seek to dismiss the fraud claim as insufficiently pled under both Federal Rules of Civil Procedure 8 and 9(b). The fraud claim within the counterclaim alleges in full: "Insurers committed fraud and fraudulent misrepresentation under New York law by: (1)

9

making a materially false representation to [Buzbee]
regarding the Policy coverages and facts surrounding the
claim adjustment; (2) intended to defraud [Buzbee] out of
[Buzbee's] covered damages; (3) [Buzbee] reasonably relied
upon the representation; and (4) [Buzbee] suffered damages
including payment of the Claim for damages to the Vessel."
(Doc. # 18 at 20).

Regarding Rule 9(b), Accelerant and Texas Insurance
argue that this claim "does not allege anything that could
constitute a fraudulent statement at all, much less any
alleged with the relevant particularity." (Doc. # 32 at 12).
Even if the claim satisfies Rule 9(b), Accelerant and Texas
Insurance insist it should still be dismissed because a
"contract itself cannot form the basis for a fraud claim."
(Id. at 12). According to them, "New York law is clear that
a litigant has no claim for fraud when it has a remedy in
contract, regardless of how willful the breach of contract
might have been." (Id.).

The Court agrees that this claim is insufficiently pled.
"A fraud claim will not survive if it merely restates a claim
for breach of contract," as Buzbee's fraud claim essentially
does here. B & M Linen, Corp. v. Kannegiesser, USA, Corp.,
679 F. Supp. 2d 474, 480 (S.D.N.Y. 2010). "To maintain a fraud

claim alongside a breach-of-contract claim, a plaintiff must (1) demonstrate a legal duty separate from the duty to perform under the contract; (2) demonstrate a fraudulent misrepresentation collateral or extraneous to the contract; or (3) seek special damages that are caused by the misrepresentation and unrecoverable as contract damages." Id. (citation and internal quotation marks omitted).

Buzbee's allegations as to these elements are conclusory such that they satisfy neither Rule 9(b) nor Rule 8. Among other things, the Court finds that Buzbee has not plausibly alleged a duty separate from the policy that Accelerant and Texas Insurance owed Buzbee. Nor has Buzbee sufficiently alleged what misrepresentations were made by Accelerant and Texas Insurance or how they were extraneous to the contract. Finally, Buzbee's damages as a result of the alleged fraud appear to the be the same damages resulting from the alleged breach of contract. Thus, the Motion is granted, and this claim is dismissed.

Nevertheless, the Court is not convinced that amendment would be futile. Thus, the Court will allow Buzbee to amend this claim.

D. **Unjust Enrichment**

Next, Accelerant and Texas Insurance argue the unjust enrichment claim "is also subject to dismissal as it fails to meet the pleading standard required by Fed. R. Civ. P. 8(a)(2)." (Doc. # 32 at 13).

Buzbee pled its unjust enrichment claim in "the alternative to all other causes of action in this counterclaim." (Doc. # 18 at 20). The counterclaim states, in relevant part, "Insurers were enriched by [Buzbee's] payment of premiums at [Buzbee's] expense and it is against equity and good conscience to permit Insurers to retain the premiums [Buzbee] paid in the event that the Policy and/or Initial Policy were void from inception as Insurers allege in their complaint." (Id.).

Accelerant and Texas Insurance emphasize that "there has not yet been a determination that the insurance policy is void ab initio or that there is no coverage for the loss." (Doc. # 32 at 13). They insist that they "cannot owe any return premium until, and unless, the insurance policy is void from inception — a determination that has not yet occurred." (Id.). They continue: "As pled, the count for Unjust Enrichment lacks the requisite statement(s) showing

12

that Buzbee is entitled to relief at this stage." (Id. at 13-14).

The Court disagrees. Notably, Accelerant and Texas Insurance do not cite any case in which an unjust enrichment claim was dismissed in this section of their Motion. This is likely because it was appropriate for Buzbee to alternatively plead an unjust enrichment claim in the event that Accelerant and Texas Insurance are successful in their argument that the policy is void. See El-Nahal v. FA Mgmt., Inc., 126 A.D.3d 667, 668 (2d Dep't 2015) ("Where the existence of a contract is in dispute, the plaintiff may allege a cause of action to recover for unjust enrichment as an alternative to a cause of action alleging breach of contract."). The Motion is denied as to this claim.

### E. Jury Trial Demand

Finally, Accelerant and Texas Insurance seek to strike Buzbee's jury trial demand. (Doc. # 32 at 14-16). They argue that, because they have elected to proceed in admiralty, Buzbee may not demand a jury trial on its counterclaims. (Id.). The Court agrees.

Here, Accelerant and Texas Insurance in their complaint designated this as an action brought pursuant to this Court's admiralty jurisdiction under Federal Rule of Civil Procedure

13

9(h). <u>See</u> (Doc. # 1 at 1) ("The Insurers designate this as an admiralty and maritime cause within the meaning of Fed. R. Civ. P. 9(h)."). Federal Rule of Civil Procedure 38(e) provides: "These rules do not create a right to a jury trial on issues in a claim that is an admiralty or maritime claim under Rule 9(h)." Fed. R. Civ. P. 38(e). Admiralty claims, thus, must be tried by bench trial.

Indeed, it is "the longstanding tradition in admiralty proceedings that the pleader has the right to determine procedural consequences (including the right to a jury trial) by a simple statement in his pleading that the claim is an admiralty claim." <u>St. Paul Fire & Marine Ins. Co. v. Lago Canyon, Inc.</u>, 561 F.3d 1181, 1188 (11th Cir. 2009). "By invoking this [Rule 9(h)], a plaintiff not only selects a district court's admiralty jurisdiction, but he also subjects the *entire* action to a bench trial, including counterclaims asserted by a defendant." <u>Great Lakes Reinsurance (UK) PLC v. Soriano</u>, No. 14-24717-CIV, 2015 WL 12778783, at *1 (S.D. Fla. June 24, 2015). Because the complaint invokes this Court's admiralty jurisdiction, all claims in the case, including the counterclaims, must be tried by bench trial. <u>See</u> <u>Id.</u> at *2 (striking jury trial demand in counterclaim and stating "Plaintiff has also properly invoked the District Court's

admiralty jurisdiction under Rule 9(h), and, therefore, if the case were to proceed to trial, then the District Court would hold a *bench* trial for the declaratory judgment action and Defendant's counterclaim"); see also Great Lakes Reinsurance (UK) PLC v. Masters, No. 8:07-cv-1662-SCB-MSS, 2008 WL 619342, at *2 (M.D. Fla. Mar. 3, 2008) ("Great Lakes' election to proceed in this declaratory action without a jury pursuant to Rule 9(h) trumps Masters' demand for a jury trial on his counterclaim.").

Thus, the Motion is granted as to the jury trial demand, which the Court strikes.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1)    Counterclaim-Defendants Accelerant Specialty Insurance Company and Texas Insurance Company's Motion to Dismiss the Counterclaim (Doc. # 32) is **GRANTED** in part and **DENIED** in part as set forth herein.

(2)    If Buzbee wishes to amend the claims for breach of the implied covenant of good faith and fair dealing, deceptive business practices, and fraud, it must file its amended counterclaim within 14 days of the date of this order.

15

(3)   If Buzbee does not file an amended counterclaim within 14 days, Accelerant and Texas Insurance must file their answer to the remaining counts of the counterclaim within another 14 days.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 26th day of February, 2025.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

16