```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

ACCELERANT SPECIALTY
INSURANCE COMPANY
and TEXAS INSURANCE COMPANY,

       Plaintiffs/
       Counterclaim-Defendants,

v.                                    Case No. 8:24-cv-2643-VMC-AEP

BUZBEE ROBERTSON, LLC,

       Defendant/
       Counterclaim-Plaintiff.
_____/

**ORDER**

This matter is before the Court on consideration of Counterclaim-Defendants Accelerant Specialty Insurance Company and Texas Insurance Company's Motion to Dismiss the Amended Counterclaim (Doc. # 51), filed on March 28, 2025. Counterclaim-Plaintiff Buzbee Robertson, LLC responded on April 18, 2025. (Doc. # 52). The Motion is granted in part and denied in part.

**I.**     **Background**

This case arises out of the sinking of Buzbee's 54' Azimut yacht, the Patriot, in July 2024 when Hurricane Beryl passed through Galveston, Texas. Accelerant and Texas Insurance issued the relevant insurance policy to Buzbee.

1

After Buzbee sought coverage for the loss, Accelerant and Texas Insurance initiated this action pursuant to the Court's admiralty jurisdiction by filing the complaint in November 2024. They assert claims for breach of the policy's fire warranty, breach of the named windstorm plan warranty, and uberrimae fidei (the duty of utmost good faith). (Doc. # 1). The essence of the complaint is that the policy is void because Buzbee allegedly breached its fire and windstorm plan warranties and made misrepresentations in its renewal questionnaire.

In response, Buzbee filed its answer and counterclaim on January 13, 2025. (Doc. # 18). The counterclaim asserted the following causes of action under New York law: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) deceptive business practices under New York's General Business Law § 349; (4) fraud; and (5) unjust enrichment. (Id.). The essence of these claims is that Accelerant and Texas Insurance "are fraudulent[ly] and systematically stealing premiums with no intention of paying those claims by pointing to immaterial, alleged defects that have nothing to do with the loss or were never material to the policy renewal." (Id. at 2). Accelerant and Texas Insurance moved to dismiss all but the breach of contract

claim from the counterclaim. (Doc. # 32). The Court granted the motion in part and denied it in part. (Doc. # 43). Specifically, the Court struck Buzbee's demand for a jury trial and did not give leave to amend that demand. (Id. at 13-15). The Court also dismissed with leave to amend the claims for breach of the implied covenant of good faith and fair dealing, deceptive business practices under New York's General Business Law § 349, and fraud. (Id. at 4-11). The Court declined to dismiss the unjust enrichment claim. (Id. at 12-13).

On March 12, 2025, Buzbee filed its amended counterclaim, still asserting claims for (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) deceptive business practices under New York's General Business Law § 349; (4) fraud; and (5) unjust enrichment. (Doc. # 48). Additionally, despite the Court's clear order striking the jury trial demand, Buzbee again includes a jury trial demand in the amended counterclaim. (Id. at 30-32).

Now, Accelerant and Texas Insurance move to dismiss the claims for breach of the implied covenant of good faith and fair dealing, deceptive business practices under New York's General Business Law § 349, and fraud, and to strike the jury

3

trial demand. (Doc. # 51). Buzbee has responded (Doc. # 52), and the Motion is ripe for review.

## II. Legal Standard

On a motion to dismiss pursuant to Rule 12(b)(6), this Court accepts as true all the allegations in the counterclaim and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, the Court favors the counterclaim-plaintiff with all reasonable inferences from the allegations in the counterclaim. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a [counterclaim] attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a [counterclaim-plaintiff's] obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the counterclaim, and matters

4

judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

Rule 9(b) of the Federal Rules of Civil Procedure imposes more stringent pleading requirements on fraud claims. Clausen v. Lab. Corp. of Am., Inc., 290 F.3d 1301, 1305 (11th Cir. 2002). The counterclaim must allege "facts as to time, place, and substance of the [counterclaim-defendants'] alleged fraud, specifically the details of the [counterclaim-defendants'] allegedly fraudulent acts, when they occurred, and who engaged in them." Hopper v. Solvay Pharm., Inc., 588 F.3d 1318, 1324 (11th Cir. 2009).

### III. Analysis

Accelerant and Texas Insurance seek to dismiss the breach of the covenant of good faith and fair dealing, deceptive business practices, and fraud claims. Additionally, they move to strike the amended counterclaim's jury trial demand. The Court will address each in turn.

#### A. Jury Trial Demand

As a preliminary matter, Accelerant and Texas Insurance are correct to seek the striking Buzbee's jury trial demand. (Doc. # 51 at 18-19). The Court struck the jury trial demand from the original counterclaim on the basis of the law of the Eleventh Circuit. (Doc. # 43 at 13-15); see St. Paul Fire &

5

Marine Ins. Co. v. Lago Canyon, Inc., 561 F.3d 1181, 1188 (11th Cir. 2009) (explaining that it is "the longstanding tradition in admiralty proceedings that the pleader has the right to determine procedural consequences (including the right to a jury trial) by a simple statement in his pleading that the claim is an admiralty claim"); Great Lakes Reinsurance (UK) PLC v. Masters, No. 8:07-cv-1662-SCB-MSS, 2008 WL 619342, at *2 (M.D. Fla. Mar. 3, 2008) ("Great Lakes' election to proceed in this declaratory action without a jury pursuant to Rule 9(h) trumps Masters' demand for a jury trial on his counterclaim."). And the Court did not grant Buzbee leave to amend the jury trial demand.

It was thus inappropriate for Buzbee to include a jury trial demand, pled in greater length, in its amended counterclaim. The Court again strikes the jury trial demand from the amended counterclaim and advises Buzbee that it will not tolerate any future violations of its orders. The Motion is granted as to the jury trial demand.

### B. **Breach of the Covenant of Good Faith and Fair Dealing**

The Court previously dismissed the breach of the implied covenant of good faith and fair dealing claim as duplicative of the breach of contract claim under New York law. (Doc. # 43 at 4-7); see Sikarevich Fam. L.P. v. Nationwide Mut. Ins.

6

Co., 30 F. Supp. 3d 166, 170 (E.D.N.Y. 2014) ("Under New York law, parties to an express contract are bound by an implied duty of good faith, but breach of that duty is merely a breach of the underlying contract." (citation omitted)). This is because "when a complaint alleges both a breach of contract and a breach of the implied covenant of good faith and fair dealing based on the same facts, the latter claim should be dismissed as redundant." Cruz v. FXDirectDealer, LLC, 720 F.3d 115, 125 (2d Cir. 2013).

The Court explained in its prior order that "Buzbee's breach of the implied covenant claim and breach of contract claim are based on the same facts" with both "complain[ing] about the insurer's 'delay' and 'failing to investigate the claim in the manner and in the time set forth in the Policy, and failing to make a claim decision'" as well as "fault[ing] the insurers for their 'wrongfully denying and/or underpaying the claim' based on 'baseless and spurious explanations for their refusal to cover damages covered under the Policy.'" (Doc. # 43 at 6).

Accelerant and Texas Insurance again move to dismiss the breach of the implied covenant of good faith and fair dealing claim from the amended counterclaim as duplicative. According to them, the amended counterclaim "fails to allege new facts

showing conduct separate and distinct from the Insurers' handling of its claim." (Doc. # 51 at 8). They highlight that the new allegations in this claim "describe the same claim handling conduct the Order found insufficient to separate this claim from the breach of contract claim," such as "destroy[ing] [Buzbee's] right to receive the fruit of the Policy" through alleged claim handling practices and "attempt[ing] to delay the claim" through its claim handling. (Id. at 8-9; Doc. # 48 at 20-21).

The Court disagrees with Accelerant and Texas Insurance. As amended, the implied covenant claim includes new allegations distinct from those in the breach of contract claim. The implied covenant claim now hinges heavily on the allegation that the insurers made up a nonexistent life raft warranty that is not in the policy:

> Insurers attempted to delay the claim by misrepresenting the Policy contained a life raft warranty. The Policy contains no such warranty. Insurers misrepresented BRL breached this nonexistent life raft warranty because the Vessel did not contain proper life rafts or tender. In doing so, Insurers manufactured factually incorrect reasons to deny insurance coverage for the vessel because a life raft warranty does not exist in the Policy.

8

(Doc. # 48 at 21).[1] This allegation is sufficiently different from that included in the breach of contract claim. (Id. at 18). Thus, this claim is no longer duplicative of the breach of contract claim. The Motion is denied as to this claim.

### C. Deceptive Business Practices — N.Y. General Law § 349

Next, Accelerant and Texas Insurance seek to dismiss the deceptive business practices claim brought under New York General Business Law § 349. (Doc. # 51 at 9-12). Under that law, "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful." N.Y. Gen. Bus. Law § 349(a).

As relevant here, the amended counterclaim alleges: "Insurers at all times have acted in bad faith and through a pattern of deceptive conduct in connection with their

---

[1] Accelerant and Texas Insurance argue the Court should disregard Buzbee's new allegations concerning the nonexistent life raft warranty. (Doc. # 51 at 4-8). According to them, Buzbee's allegations are disproven by the policy's language concerning a Survey Compliance Warranty as well as two letters (the August 16 letter and the survey compliance letter). (Id.). Although the Court considers the policy itself central to the amended counterclaim such that it may be considered, the two letters are not referenced in and central to the amended counterclaim. Thus, the Court will not consider these documents at the motion to dismiss stage. Consequently, Buzbee's allegations regarding a life raft warranty are not disproven. Accelerant and Texas Insurance may raise this argument again at summary judgment.

attempts to manage their exposure, without regard for the insureds, not only for the underlying claims but also, upon information and belief, for all vessel claims under the same or similar form policy. This conduct has injured [Buzbee] and placed Insurers' interests ahead of [Buzbee], their insured." (Doc. # 48 at 24-25). "The deceptive acts and practices by Insurers include, without limitation, (i) relying on false pretenses to justify Insurers' inordinate delays in providing coverage on baseless warranties disproven by BRL; (ii) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim; (iii) making coverage impossible by utilizing conflicting warranties; (iv) misrepresenting the terms and/or benefits of the Policy by misrepresenting warranties not contained in the Policy; (v) misrepresenting to Insurers a material fact or policy provision relating to the coverage at issue; (vi) failing to promptly provide to Insurers a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for Insurers' delay of the Claim decision; (vii) failing to pay the Claim without conducting a reasonable investigation; (viii) making untrue statements of material fact; and (ix) falsely stating the Policy contains provisions that are not in fact not included in the Policy and then

utilizing these false policy provisions to delay the claim and void the Policy after a claim is made." (Id. at 25-26).

Accelerant and Texas Insurance insist that this claim fails for two separate reasons. First, they contend that "the conduct complained of [in this claim] was fully disclosed" in the Policy such that Buzbee "was aware of the Survey Compliance Warranty which is part of the Policy." (Doc. # 51 at 10-11). Second, Accelerant and Texas Insurance argue this claim "fails to allege consumer-oriented conduct as required under § 349." (Id. at 11-12).

The Court disagrees as to both arguments. Regarding the disclosure argument, where "the conduct complained of is specifically provided for by the parties' agreement and thus was fully disclosed, such conduct is not a deceptive practice within the meaning of section 349(a)." Citipostal, Inc. v. Unistar Leasing, 724 N.Y.S.2d 555, 559 (4th Dep't 2001). According to the amended counterclaim, Accelerant and Texas Insurance attempted to apply warranties — including the life raft warranty — to delay or deny benefits under the policy, even though at least the life raft warranty is not actually in the policy. (Doc. # 48 at 23). Thus, taking the allegations of the amended counterclaim as true, the supposed life raft warranty was not fully disclosed. Thus, at the very least, it

11

is plausibly a deceptive business practice for Accelerant and Texas Insurance to have invoked that warranty and delayed payment based on that warranty. Given these plausible allegations, the Court will allow the entire claim to proceed.

Next, the Court rejects the argument that this claim does not address consumer-oriented conduct. Importantly, the amended counterclaim plausibly alleges that Accelerant and Texas Insurance have "a widespread pattern and practice affecting New York consumers" of "collecting premiums and then conducting these outcome-oriented adjustments of claims with the intention of avoiding payment based on immaterial and/or nonexistent policy provisions that no reasonable insurer would use to delay or deny a valid claim." (Doc. # 48 at 24). They allegedly have "a wide pattern and practice to deceive all of its policyholders" who hold a "standard form policy" to "train their intermediaries and staff to delay and otherwise avoid paying valid claims while collecting insureds' premiums." (Id.). Such plausible allegations are sufficient to establish "consumer-oriented" conduct at the motion to dismiss stage. See Rockefeller Univ. v. Aetna Cas. & Sur. Co., 217 N.Y.S.3d 562, 563 (1st Dep't 2024) ("We reject defendants' argument that this action merely presents a 'private contractual dispute' between 'sophisticated

parties,' and that plaintiff has failed to allege 'consumer-oriented' impact as necessary to sustain a section 349(a) claim, as the complaint alleges a standard form policy provided to multiple consumers."). The Motion is denied on this claim.

### D. Fraud

The fraud claim within the amended counterclaim alleges, among other things, that Accelerant and Texas Insurance "created a scheme of collecting premiums and then making misrepresentations outside of the policy language to avert paying claims." (Doc. # 48 at 27). Accelerant and Texas Insurance allegedly "misrepresented [Buzbee] breached a life raft warranty in its attempt to delay payment. The life raft warranty Insurers misrepresent is not even located in the policy." (Id.). According to Buzbee, "Insurers committed fraud and fraudulent misrepresentation under New York law by: (1) making a materially false representation to [Buzbee] regarding the Policy coverages and facts surrounding the claim adjustment; (2) intended to defraud [Buzbee] out of [Buzbee's] covered damages; (3) [Buzbee] reasonably relied upon the representation; and (4) [Buzbee] suffered damages including payment of the Claim for damages to the Vessel." (Id. at 28).

13

Accelerant and Texas Insurance also seek to dismiss the fraud claim as insufficiently pled under Federal Rule of Civil Procedure 9(b). (Doc. # 51 at 12-18). Specifically, they argue that this claim still fails to plead with specificity their supposed misrepresentations, a duty separate from the policy owed to Buzbee, and damages distinct from the damages from the breach of contract. (Id.).

The Court finds that this claim is sufficiently pled. To satisfy Rule 9(b), the fraud claim must allege "facts as to time, place, and substance of the [counterclaim-defendants'] alleged fraud, specifically the details of the [counterclaim-defendants'] allegedly fraudulent acts, when they occurred, and who engaged in them." Hopper, 588 F.3d at 1324. "To maintain a fraud claim alongside a breach-of-contract claim, a plaintiff must (1) demonstrate a legal duty separate from the duty to perform under the contract; (2) demonstrate a fraudulent misrepresentation collateral or extraneous to the contract; **or** (3) seek special damages that are caused by the misrepresentation and unrecoverable as contract damages." B & M Linen, Corp. v. Kannegiesser, USA, Corp., 679 F. Supp. 2d 474, 480 (S.D.N.Y. 2010) (citation and internal quotation marks omitted) (emphasis added).

Buzbee has pled with sufficient particularity at least that "a fraudulent misrepresentation collateral or extraneous to the contract" was made, which is all that it must plead. The amended counterclaim accuses Jesse Melkowits of making fraudulent misrepresentations on behalf of Accelerant and Texas Insurance. (Doc. # 48 at 13, 27). For example, the amended counterclaim identifies an Adjustment Report from August 1, 2024, that was sent by Mr. Melkowits. (Id. at 13). The misrepresentations contained in the report are also identified: the report "misrepresented that the Vessel lacked annual fire equipment service, the raft's hydrostatic release was out of service at time of renewal, and the Vessel was not seaworthy because the Vessel did not contain a life raft, alleging the policy void from inception." (Id.). Thus, Buzbee has sufficiently pled a fraud claim that is not duplicative of the breach of contract claim. The Motion is denied as to this claim.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Counterclaim-Defendants Accelerant Specialty Insurance Company and Texas Insurance Company's Motion to Dismiss the Amended Counterclaim (Doc. # 51) is **GRANTED** in part and **DENIED** in part.

15

(2) The jury trial demand is stricken. All claims in the amended counterclaim survive.

(3) Accelerant and Texas Insurance must file their answer to the amended counterclaim within 14 days.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>1st</u> day of May, 2025.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE